UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN ORTIZ-LEDEZMA, | ) | Case No.: 4:23 CV 2234 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN HERMAN QUAY, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent | ) | |

Petitioner Benjamin Ortiz-Ledezma filed this *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in FCI-Allenwood, in White Deer Pennsylvania, having been convicted in the United States District Court for the Northern District of Ohio in 2021 on charges of Possession with Intent to Distribute Cocaine. He was sentenced on December 10, 2021, to 63 months' custody of the Bureau of Prisons. Petitioner was born in Mexico but immigrated to the United States. He is under a final order of removal and will be deported to Mexico when he is done serving his sentence. He seeks a reprieve from deportation. He indicates that has been married to a United States citizen for twenty-five years, and has two children who are United States citizens. He contends he cooperated with the government and gave evidence after his arrest. He states that this places him in danger of being murdered by cartel if he is deported to Mexico. He asks this Court to overturn his final order of removal and grant him asylum.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

The REAL ID Act, 8 U.S.C. § 1252, confers exclusive jurisdiction to review a final order of removal on the Circuit Court of Appeals. The Act also divests the District Court of jurisdiction. The statute specifically provides that the District Court does not have jurisdiction to review a removal order in a Habeas Corpus Petition filed under 28 U.S.C. §§ 2241, 1361 or 1651. 8 U.S.C. § 1252(b)(9). Whether Petitioner's challenge to the removal order issued against him is meritorious can be determined only in the Court of Appeals, and this Court lacks jurisdiction to entertain such claim. *Muka v. Baker*, 559 F.3d 480, 486 (6th Cir. 2009); *Boamah v. United States*, No. 2:13-CR-126(2), 2016 WL 7664347, at *4 (S.D. Ohio Nov. 18, 2016).

## V. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2243. Further, the Court

certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

                                              */s/ SOLOMON OLIVER, JR.*
                                              UNITED STATES DISTRICT JUDGE

February 9, 2024